No. A-CV-14-80

## COURT OF APPEALS OF THE NAVAJO NATION

September 14, 1982

Janett NASWOOD, Appellant,

vs.

FOREMOST FINANCIAL SERVICES, Appellee.

OPINION

Lawrence Long, Esq., DNA People's Legal Service, Window Rock, Navajo Nation (Arizona) for Appellant and R. Thomas Dailey, Esq., Farmington, New Mexico, for Appellee.

FACTUAL BACKDROP FOR THE CASE

This case presents the question of the proper service of process and the duties of court-appointed process servers.

In November of 1979 Foremost Financial Services Corporation (Foremost) filed suit to repossess Janett Naswood's mobile home. After the complaint was filed and service was made, an appointed process server, Mr. Bruce Scott, made his affidavit of service indicating service upon

> "Janett Naswood by taping a copy of the Summons and Complaint in the above-captioned cause to the door at defendant's usual place of residence after Janett Naswood refused to accept the papers."

A default judgment was later entered, with the Trial Court's jurisdiction over the defendant being based upon the affidavit of service.

Mrs. Naswood was served with a writ of replevin, and she obtained counsel to try to set aside the default judgment. The motion to set aside and stay the writ of execution was filed on March 21, 1980, and that same day a notice of hearing was sent to counsel for the plaintiff by the Clerk of Court. The hearing date was set for March 31st, and on March 28th Foremost removed the mobile home and parked it next to Royal Burger in Tse Bonito.

At the time of the hearing on the motion to set aside the judgment, Mrs. Naswood's 13 year-old son said Scott handed him the summons and complaint when he was at home alone. He said his mother was not at home but Scott handed him the papers. Scott testified he handed the papers to a young boy at the trailer and said he saw a shape inside he thought was a person.

At the conclusion of the hearing Trial Judge Harry Brown took the matter under advisement and ordered that the mobile home not be moved from its location in Tse Bonito until he made his decision. The next day Foremost moved the mobile home to Farmington, New Mexico, outside the territorial jurisdiction of the court.

## THE JURISDICTION OF THE TRIAL COURT TO ENTER A DEFAULT JUDGMENT

The defects in service in this case are obvious and the answer to the question of valid service is elementary. First and foremost, strict compliance with the provisions of Rule 3 of the Rules of Civil Procedure are jurisdictional. If the requirements of the rule are not met precisely, the District Court has no jurisdiction to enter a judgment. Rule 3 permits personal service as follows:

1. By actually delivering copies of the summons and complaint to the defendant (actual personal service);

2. By delivering copies of the summons and complaint to someone over age 16 who lives at the usual residence of the defendant (constructive personal service); or

3. By delivering copies of the summons and complaint to someone over age 16 who workes at the usual place of business of the defendant (constructive personal service).

There are two alternative arguments that taping the papers to the door was proper where the defendant refused to accept the papers. The rule on that is "that where a defendant is in close proximity to a process server under such circumstances that a reasonable person would be convinced that personal service of a summons is being attempted, the service is complete even though the defendant refused physical acceptance of the summons." 62 Am.Jur.2d, Process Sec. 41. If that was the case here, the service would have been proper. However Mr. Scott's subsequent testimony was inconsistent with his affidavit of service and this court finds there was no valid service, particularly since the boy was under age. As to the boy's age, it is incumbent upon anyone serving process to know to whom he is giving it. All affidavits of service should be based upon an inquiry as to the identity of the person served, there should be detailed information as to that person's identity in the affidavit.

Since the service here did not comply with Rule 3 of the Rules of Civil Procedure, the District Court lacked jurisdiction and the default judgement was void. See Id., Sec. 30.

## DUTIES OF PROCESS SERVERS

Rule 3 of the Rules of Civil Procedure makes it possible for the Court to authorize someone other than a Navajo Police Officer to serve a summons and complaint. This is a rule of convenience for parties given the large press of police work which makes process slow at times. When an individual is appointed by the court he impliedly insures the court he is honest, he knows what he is doing and that his affidavit will be true, complete and proper. Apparently Mr. Scott did not know the proper mode of service.

The affidavit of service raised questions which the judge should have inquired about at the time of the entry of the default judgment. Judges are under an affirmative duty to always read the certificate or affidavit of service prior to approving a default, and any certificate or affidavit which does not clearly show personal service should be examined closely.

## THE REFUSAL TO SET ASIDE THE DEFAULT AND THE PLAINTIFF'S CONDUCT

The default judgment should have been set aside irregardless of the fact the plaintiff actually had the mobile home in its possession. Because the court lacked jurisdiction over the defendant the judgment was void from the beginning. The judge should have made appropriate orders to return the mobile home to the jurisdiction and to compel counsel for the plaintiff to explain why the order of the court was disobeyed. It is obvious to this court that Foremost Financial Services deliberately disobeyed the order of the court to not move the mobile home, and it could be subjected to a bar on doing business within the Navajo Nation under 7 NTC Sec. 608(b).

## CONCLUSION AND ORDER

This case will be remanded to start from the beginning. It is unlikely the plaintiff will serve the defendant and then obtain a judgment, given the fact it has what it wants, but the case is remanded for the purpose of possible action by the defendant. Our holding that there was improper service and an invalid judgment does not necessarily mean the defendant has causes of action against the plaintiff. Of course we give no opinion as to any other damages the defendant may have sustained.

It is therefore
ORDERED:

1. That the default judgment entered herein as vacated; and
2. That the order appointing Bruce Scott to serve process is overruled.